# TAB C1

CAUSE NO. _____

| | | |
|---|---|---|
| **MAIN DENTAL CENTER, PC AND DK BUSTER, LLC** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **v.** | § § | **HARRIS COUNTY, TEXAS** |
| **SECURITY NATIONAL INSURANCE COMPANY AND BERNARDINE FREDERICK** | § § § § | |
| *Defendants.* | § § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, Main Dental Center PC, and DK Buster, LLC, file this Plaintiffs' Original Petition against Defendants, Security National Insurance Company and Bernardine Frederick, and for cause of action, would respectfully show:

### I. DISCOVERY CONTROL PLAN

1.     Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. This case involves a first-party commercial insurance policy dispute concerning damages attributable to Hurricane Harvey. This dispute involves complex legal issues originating from the TEXAS INSURANCE CODE, common law, and recent Texas case law. It will require extensive and detailed discovery regarding claims-handling practices, coverage decisions, adjustment/payment of claims, including Plaintiffs' claim, as well as the systematic approach by Security National Insurance Company and its adjusters to the handling of catastrophic loss property damage claims arising from Hurricane Harvey. Plaintiffs, therefore, respectfully ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II. PARTIES

2.     Plaintiffs, Main Dental Center, PC and DK Buster, LLC, are Texas businesses that conduct business in Harris County, Texas.

3.     Defendant, Security National Insurance Company ("Security National"), is a Foreign insurance company authorized to engage in the business of insurance in the State of Texas. Security National may be served with process by certified mail, return receipt requested, through its service agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, TX 78701.

4.     Defendant, Bernardine Frederick, is an individual licensed adjuster, who has done business in the State of Texas. Ms. Frederick may be served with process by certified mail, return receipt requested, at her primary place of business located at: 3 Huntington Quadrangle, STE 201S Melville, NY 11747.

## III. JURISDICTION AND VENUE

5.     This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs seek monetary relief in excess of $200,000.00 and less than $1,000,000.00.

6.     This Court has personal jurisdiction over Security National because Security National is an insurance company authorized and engaged in the business of insurance in Texas and Plaintiffs' causes of action arise out of Security National's business activities in this State.

7.     This Court has personal jurisdiction over Bernardine Frederick because Ms. Frederick engages in the business of adjusting insurance claims in the State of Texas and Plaintiffs' causes of action arise out of her business activities in this State.

8.      Venue is proper in Harris County because the insured property is located in Harris County and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## IV.  <u>FACTS</u>

9.      Plaintiffs own the property at 1017 & 1027 Main St. Pasadena, TX 77506 (the "Property"). Security National sold, and Plaintiffs paid for, a Texas Commercial Property policy (SBP1331376 01) to protect and insure Plaintiffs' business, other structures, and other items applicable to the Property.

10.      From August 25th through September 1, 2017, Hurricane Harvey swept across the Texas coastal region causing widespread destruction and devastation. During this time, Hurricane Harvey's massive wind field caused widespread destruction in and around Harris County, and to Plaintiffs' Property, specifically.

11.      Plaintiffs' Property suffered heavy wind and wind-blown debris damage during Hurricane Harvey. Specifically, the Hurricane damaged the roofing system and structural components of the Property. The severe and widespread damage allowed water to penetrate the Property interior and led to significant interior water damage.

12.      Following Hurricane Harvey, Plaintiffs promptly and timely reported their (Claim No. 10108800) under the Policy and asked Security National to cover the cost of repairs required to return the Property to its pre-loss condition, including, but not limited to, replacement of the roof, repairs to wind and debris damages to all exterior elevations, as well as restore interior water damage.

13.      Plaintiffs are entitled to these benefits under the Security National Policy as it specifically covered Plaintiffs' property for wind and wind-related damage, and specifically, hurricane damage.

14.     Security National assigned Bernardine Frederick to adjust the Claim.

15.     Bernardine Frederick, however, because of inadequate training or improper instruction, failed to perform a reasonable and adequate investigation of Plaintiffs' Claim. In doing so, Ms. Frederick either completely missed or simply ignored damages that were present at the time of her inspection and that were clearly attributable to Hurricane Harvey's powerful winds.

16.     The inadequacy of Ms. Frederick's investigation and adjustment of Plaintiffs' Claim is evidenced by the fact she neither adjusted for, nor included, the full scope of Plaintiffs' roof damage and neglected to address, or even note, multiple rooms in the Property. Plaintiffs' roof sustained extensive wind damage to its entire surface and to the underlying structure/framing. Evidence of wind damage is readily apparent from even a casual view. The massive amount of roof damage allowed water to penetrate the Property's envelope in multiple locations and resulted directly in the substantial interior damage to Plaintiffs' property, which damage Ms. Frederick also failed to document properly or sufficiently.

17.     Although Plaintiffs notified, and later, reminded Security National numerous times of the significant widespread roof damage causing major leaks throughout the interior of the Property, defendants failed to fully or adequately inspect the damaged areas of Plaintiffs' Property, including the roof, among other items and areas. Ms. Frederick's failure to record the full extent of the wind-damaged Property resulted in an improperly under-scoped and consequently undervalued estimate for repairs that was submitted to Security National (the "Estimate"), and which Security National affirmed and adopted as its own.

18.     Ms. Frederick misreported or misrepresented the cause of loss to the Covered Property in an effort to minimize Security National's costs for paying to repair and/or replace such damage as required under the terms of the Policy.

19.     Ms. Frederick also misrepresented the scope of damage with her conclusory, unsubstantiated pronouncement that Hurricane Harvey – the largest hurricane to hit the United States in the last twelve years that was responsible for several tornados, multiple deaths and caused almost $200 billion in damages to the Houston area – only damaged one roof shingle, despite the hours of unobstructed exposure, of the covered property, to Harvey's damaging tropical wind field.

20.     In Ms. Frederick's "adjustment" of the claim, Ms. Frederick was consistent only in her attempts to shift Security National's responsibility to pay for the covered loss to its insureds' property by employing a number of unfair and unreasonable tactics, one of which was her pretextual, baseless and insupportable misrepresentation that the interior water damage suffered, throughout the covered building, was all just the result of "wind driven rain" and was in no way related to the extensive open and obvious roof damage present at the time of her "inspection."

21.     The building's interior has water damage to the ceiling tiles, flooring, and walls of the various rooms in the property. Ms. Frederick ignored the widespread, revolting brown and discolored areas of water damage throughout the property in order to improperly minimize, Security National's exposure for the covered loss.

22.     Instead, Ms. Frederick misrepresented the extent and even existence of covered roof and exterior damages—acting as though the vast majority of such covered damage simply did not exist—with her baseless assertion that, of the building's entire exterior, only one shingle was damaged by Harvey's extreme winds and wind-blown debris.

23.     Plaintiffs contend that, upon information and belief, Security National and Ms. Frederick set out and sought to under-scope, underpay, and ultimately minimize Plaintiffs' Claim for covered damages. At minimum, Security National ratified Ms. Frederick's unreasonable and improper "estimation" of the Claim, resulting in Plaintiffs' Claim effectively being denied in part as well as undervalued and underpaid. Plaintiffs have suffered actual damages resulting from

Security National's and Ms. Frederick's wrongful acts and omissions in conducting their unreasonable, outcome-oriented investigation as set forth above and further described herein.

24.     Plaintiffs have yet to receive the full amount of payment to which they are entitled under the Policy because the Claim was improperly and unreasonably adjusted.

25.     Security National continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the covered loss to the property.

26.     Security National failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Security National's conduct constitutes a breach of the insurance contract between Security National and Plaintiffs.

27.     Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

28.     Defendants failed to even attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

29.     Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entirety of Plaintiffs'

losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

30.     Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

31.     Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Security National failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

32.     Security National failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Security National's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

33.     Security national failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Security National's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

34.     Security National failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full payment for their claim. Security National's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

35.     From and after the time Plaintiffs' claim was presented to Security National, the liability of Security National to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Security National has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Security National's conduct constitutes a breach of the common law duty of good faith and fair dealing.

36.     Defendants, Security National and Ms. Frederick, knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

37.     As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firms who are representing them with respect to these causes of action.

38.     Plaintiffs' experience is not an isolated case. The acts and omissions Security National committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Security National regarding handling these types of claims. Security National's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## V. CAUSES OF ACTION

### BREACH OF CONTRACT AGAINST SECURITY NATIONAL

39.     An insurance policy is a contract under Texas law. Security National failed to perform its contractual duties to adequately compensate Plaintiffs in accordance to the terms of the Policy that they wrote and sold to Plaintiffs. Specifically, Security National refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Security National's conduct constitutes a breach of the insurance contract between Security National and Plaintiffs.

### NON-COMPLIANCE BY SECURITY NATIONAL WITH THE TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

40.     Security National's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

41.     Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Security National's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating—by way of the estimate—the Plaintiffs' damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiffs' damages; (3) using Ms. Frederick's statements and conclusions about the scope and degree of the damage as a pretext for effectively denying covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiffs in fact received.

42.     Security National's unfair settlement practice, as described above, of misrepresenting—by words and acts/omissions—to Plaintiffs material facts relating to the

coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

43.     Security National's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

44.     Security National failed to explain to Plaintiffs the reasons for failing to include all covered damages in its evaluation and/or payment(s) on the Claim. Furthermore, Security National did not communicate that future settlements or payments would be forthcoming to pay for the entire amount of Plaintiffs' loss, nor did it provide any explanation for the failure to adequately settle Plaintiffs' Claim. Security National's conduct is a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a)(3).

45.     Although promptly reported by Plaintiffs to Security National, Security National did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' damages, both exterior and interior. Security National's unfair settlement practice, as described above, of refusing to pay Plaintiffs' full Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7)

### NON-COMPLIANCE BY SECURITY NATIONAL WITH THE TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT

46.     Security National's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

47.  Security National's failure—and on-going refusal—to remit full payment of the amounts owed on the Plaintiffs' Claim following its receipt of all items, statements, and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

48.  Security National's conduct constitutes a breach of the common law duty of good faith and fair dealing that a Texas insurer owes to its policy holders on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the drafting of the contract of insurance itself, but also with respect to the handling and payment of insured claims.

49.  Security National's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, despite the fact that at the very same time, Security National knew, or should have known by the exercise of reasonable diligence, that its liability was reasonably clear, constitutes a breach of Security National's duty of good faith and fair dealing to Plaintiffs, which is both non-delegable and continues to exist until the relationship between the parties is ultimately changed to that of judgement debtor and judgement creditor, respectively.

## NON-COMPLIANCE BY BERNARDINE FREDERICK WITH THE TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

50.  Ms. Frederick's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

51.  Ms. Frederick is individually liable for her unfair and deceptive acts because she is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Security National's plan, fraternal benefit society, or other legal entity engaged in the business of insurance,

including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the TEXAS INSURANCE CODE and subjecting him or her to individual liability)).

52.     Ms. Frederick's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

53.     Ms. Frederick's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

54.     The unfair settlement practice of Ms. Frederick, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

55.     Ms. Frederick's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

56.     Ms. Frederick's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**FRAUD**

57.     Defendants are liable to Plaintiffs for common law fraud.

58.     Each and every one of the representations, as described above concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Security National and Bernardine Frederick knew were false or made recklessly without any knowledge of their truth as a positive assertion.

59.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

**CONSPIRACY TO COMMIT FRAUD**

60.     Defendants Security National and Bernardine Frederick are liable to Plaintiffs for conspiracy to commit fraud. Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

**VI.   <u>KNOWLEDGE</u>**

61.     All of the acts described above, together and singularly, were committed "knowingly" as that term is used in the TEXAS INSURANCE CODE and were a producing cause of Plaintiffs' damages described herein.

## VII.  CONDITIONS PRECEDENT

62.     All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred and/or Security National waived the same. This includes, but is not limited to, providing notice pursuant to TEX. INS. CODE §542A.003 and pre-litigation alternative dispute resolution, if any.  Plaintiffs plead, would show, and do aver that—to the extent any Defendant or Defendants might allege that Plaintiffs' presuit Notice fails, was invalid, or failed to conform strictly with the timeline required by §542A.003(a)—Plaintiffs' presuit notice and the filing of this lawsuit fall within the savings clause of §542A.003(d)(1).

## VIII.  DAMAGES

63.     Plaintiffs would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiffs.

64.     As previously mentioned, Plaintiffs' covered losses have not been properly addressed or paid, which has prevented Plaintiffs from making necessary repairs, thus causing further, consequential damage, to the Property while also causing undue hardship and a burden on Plaintiffs. These damages and losses are a direct result of Defendants' mishandling of Plaintiffs' Claim in violation of the terms of the Policy at issue and of the laws set forth above.

65.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain with respect to their purchase of the Policy, which is the amount of their Claim, together with attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 38.001.

66.     For noncompliance with the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorneys' fees. For knowing conduct of the acts and conduct described and complained of above, Plaintiffs

are entitled to, and hereby, seek recovery of three times their actual damages. TEX. INS. CODE §541.152.

67.     For noncompliance with the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiffs are entitled to interest on the amount of the Claim as damages at the applicable rate as determined under TEX. INS. CODE §542.060(a), §542.060(c), and TEX. FIN. CODE §304.003, together with reasonable and necessary attorneys' fees, which shall be taxed as part of the costs in the case.

68.     For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Security National's breach of its Duty, such as additional costs, economic hardship, additional losses resulting from nonpayment of the amount owed, exemplary damages, and damages for emotional distress.

69.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorneys' fees, interest, and court costs.

70.     For the prosecution and collection of this Claim, Plaintiffs have been compelled to engage the services of the attorney and law firm whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

## IX.  JURY DEMAND

71.     Plaintiffs request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.

## X. DISCOVERY REQUESTS TO ALL DEFENDANTS

### REQUEST FOR DISCLOSURE

72.     Pursuant to Rule 194.2 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are required to disclose, within 50 days of receipt of service, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

### REQUEST FOR PRODUCTION

73.     Plaintiffs' First Request for Production to Security National is attached hereto as "Exhibit A". Security National is required to provide, within 50 days of service of same, its written responses to these Requests, as well as copies of all documents or information responsive to same, to Plaintiffs via counsel, whose names are subscribed to this pleading.

### REQUEST FOR ADMISSION

74.     Plaintiffs' First Request for Admission to Security National is attached hereto as "Exhibit B". Security National is required to provide, within 50 days of service, its Responses to these Requests to Plaintiffs via counsel, whose names are subscribed to this pleading.

### INTERROGATORIES

75.     Plaintiff Main Dental Center's First Set of Interrogatories to Security National is attached hereto as Exhibit "C-1". Security National is required to provide, within 50 days of service of same, its verified responses to these Interrogatories to Plaintiffs via counsel, whose names are subscribed to this pleading.

76.     Plaintiff Main Dental Center's First Set of Interrogatories to Ms. Frederick is attached hereto as Exhibit "C-2". Ms. Frederick is required to provide, within 50 days of service of same, his verified responses to these Interrogatories to Plaintiffs via counsel, whose names are subscribed to this pleading

77.

## DESIGNATED E-SERVICE EMAIL ADDRESS

78.     The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a). (efile@texinsurancelaw.com). This is the undersigned's **ONLY** electronic service email address, and service through any other email address will be considered invalid.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the TEXAS INSURANCE CODE, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for all such other and further relief, whether by law or at equity, to which it may show itself to be justly entitled.

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**


By: */s/ Andrew C. Cook*
      Andrew C. Cook
      State Bar No. 24057481
      7324 Southwest Freeway, Suite 585
      Houston, Texas  77074
      Tel. (713) 401-2890
      Facsimile: (682) 200-2849
      Email: efile@texinsurancelaw.com

**AND:**
      Sean H. McCarthy
      State Bar No. 24065706
      WILLIAMS HART BOUNDAS EASTERBY, LLP
      8441 Gulf Freeway, Suite 600
      Houston, Texas  77017
      Tel. (713) 230-2200
      Fax (713) 643-6226
      smccarthy@whlaw.com

**ATTORNEYS FOR PLAINTIFFS**

# **#** **DESIGNATED E-SERVICE EMAIL ADDRESS**

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (efile@texinsurancelaw.com). This is the undersigned's **ONLY** electronic service email address, and service through any other email address will be considered invalid.

# **EXHIBIT A**

**CAUSE NO. _____**

| | | |
|---|---|---|
| **MAIN DENTAL CENTER, PC AND DK BUSTER, LLC** | § <br> § <br> § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § <br> § | |
| **v.** | § <br> § | **HARRIS COUNTY, TEXAS** |
| **SECURITY NATIONAL INSURANCE COMPANY AND BERNARDINE FREDERICK** | § <br> § <br> § <br> § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
## TO DEFENDANT SECURITY NAITONAL INSURANCE COMPANY

COME NOW Plaintiffs, in the above-styled and numbered cause, and request that Security National Insurance Company: (1) answer the Requests for Production separately and fully in writing within 50 days of service. (2) serve your answers to these Requests for Production through Plaintiffs' attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; and (3) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at THE COOK LAW FIRM, PLLC. You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

    a.       You know the response made was incorrect or incomplete when made; or

    b.       You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**


By: */s/ Andrew C. Cook*
      Andrew C. Cook
      State Bar No. 24057481
      7324 Southwest Freeway, Suite 585
      Houston, Texas 77074
      Tel. (713) 401-2890
      Facsimile: (682) 200-2849
      Email: efile@texinsurancelaw.com

**AND:**
      Sean H. McCarthy
      State Bar No. 24065706
      WILLIAMS HART BOUNDAS EASTERBY, LLP
      8441 Gulf Freeway, Suite 600
      Houston, Texas 77017
      Tel. (713) 230-2200
      Fax (713) 643-6226
      smccarthy@whlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## DEFINITIONS AND INSTRUCTIONS

A.  These Requests call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.  The term "document" shall have the broadest meaning possible under the applicable Rules of Civil Procedure governing this litigation (whether Texas or Federal) and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person). The term "document" also includes all electronically stored information ("ESI"), and each specific request for documents shall be deemed to specifically request electronic documents and records.

C.  The terms "relate(s) to," "relating to," or "regarding" shall have a meaning consistent with their usage in the English language in the broadest sense possible; i.e. having any logical or factual connection whatsoever with the subject matter in question.

D.  "Communication" means, without limitation of its generality, statements, discussions, conversations, correspondence, e-mails, texts, instant messages, intranet communications, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, communications and statements that are face to face and those that are transmitted by any other method, including, but not limited to, the Internet, e-mail servers (whether internal or external), telephone, networked computers, external storage devices, cloud-based sharing technologies (such as DropBox), or any other method that effectuates a Communication.

E.  If you claim that any document which is required to be identified or produced by you in any response is privileged:

1.  Identify the document's title and general subject matter;

2.  State its date;

3.  Identify all persons who participated in its preparation;

4.  Identify the persons for whom it was prepared or to whom it was sent;

5.  State the nature of the privilege claimed; and

6.  State in detail each and every fact upon which you base your claim for privilege.

F.  "You," "Your," "Yours", "Defendant" and "Defendants" means all Defendants in this case.

G.  "Property" means the property defined in the Petition.

H.  "Policy" means the insurance policy identified in the Petition.

I.  The word "storm" shall refer to the storm described in the Petition that resulted in the claim.

J.  "Plaintiff" includes all Plaintiffs and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO**
**DEFENDANT SECURITY NATIONAL INSURANCE COMPANY**

1.    All communications and documents, including electronic, between Defendant and Plaintiffs regarding Plaintiffs' claim(s).

      RESPONSE:

2.    All communications and documents, including electronic, between Defendant and any third-party regarding Plaintiffs' claim(s).

      RESPONSE:

3.    All communications and documents, including electronic, between Defendant and any other defendant(s) regarding Plaintiffs' claim(s).

      RESPONSE:

4.    All communications and documents, including electronic, between Defendant's business departments, including all person's part of the Defendant company, regarding Plaintiffs' claim(s).

      RESPONSE:

5.    All communications and documents, including electronic, Defendant sent to any other defendant(s) in this cause of action regarding Plaintiffs or the Property, after Plaintiffs made their claim(s) for coverage.

      RESPONSE:

6.    Color copies of all photographs, diagrams, drawings, or other graphic depictions of Plaintiffs or the Property made the basis of this Lawsuit.

      RESPONSE:

7.    Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries, regarding the insurance claim(s) made the basis of this lawsuit.

      RESPONSE:

8.    All reports and other documents from governmental agencies or offices regarding Plaintiffs' Property or containing officially kept information regarding Plaintiffs' Property.

      RESPONSE:

9.    Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all commercial insurance claims made by Plaintiffs under their commercial insurance policy/policies, specifically regarding damage to the exterior and interior of Plaintiffs' Property.  This request is limited to the last ten (10) years.

      RESPONSE:

10.   All documents including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiffs' Property made the basis of this Lawsuit.

      RESPONSE:

11.   Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiffs' Property made the basis of this Lawsuit.

      RESPONSE:

12.   Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiffs' Property made the basis of this Lawsuit.

      RESPONSE:

13.   All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, water damage, hail damage, roof damage, and/or wind damage under commercial insurance policies in Texas.  This request is limited to the last five (5) years.

      RESPONSE:

14.   All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims or avoiding charges of bad faith.  This request is limited to the last five (5) years.

      RESPONSE:

15.   All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060.  This request is specifically limited to the last five (5) years.

      RESPONSE:

16.   All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 *et seq.* This request is specifically limited to the last five (5) years.

RESPONSE:

17.   Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.

RESPONSE:

18.   Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits, filed by insureds against Defendant regarding the handling, review and/or adjusting of commercial insurance claims in Texas. This request is limited to the last five (5) years.

RESPONSE:

19.   A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.

RESPONSE:

20.   Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of commercial insurance claims, commercial insurance claims, property damage claims, hurricane claims, hail damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

RESPONSE:

21.   Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage estimates relating to commercial insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiffs' claim(s). This request is limited to the last five (5) years.

RESPONSE:

22.   Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

RESPONSE:

23. Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiffs' claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.

    RESPONSE:

24. Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiffs' claim(s) asserted in this lawsuit, prepared on behalf of Defendant. This request is limited to the State of Texas. This request is limited to the last five (5) years.

    RESPONSE:

25. A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.

    RESPONSE:

26. The most recent address maintained on file for any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.

    RESPONSE:

27. Any and all activity logs relating to Plaintiffs' claim(s) for property damage, hurricane damage, hail damage, roof damage, and/or wind damage to their property, specifically the claim(s) made the basis of this suit.

    RESPONSE:

28. Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiffs' claim(s).

    RESPONSE:

29. Any and all organizational charts for Defendant.

    RESPONSE:

30. Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiffs' claim(s) was assigned. This request is limited to the last five (5) years.

    RESPONSE:

31.     Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiffs' claim(s).

RESPONSE:

32.     Any and all claims and underwriting files for each claim involving property damage, hurricane damage, hail damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit in Texas. This request is limited to the last five (5) years.

RESPONSE:

33.     Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, hail damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit. This request is limited to the last five (5) years.

RESPONSE:

34.     Any and all documents reflecting or relating to Defendant's decision to pay or deny additional living expenses to or on behalf of Plaintiffs in this case.

RESPONSE:

35.     Any and all documents relating to the assignment of Plaintiffs' claim(s) to any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present.

RESPONSE:

36.     Any and all documents relating to or reflecting referrals of vendors to Plaintiffs or any insured.

RESPONSE:

37.     If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

RESPONSE:

38.     Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this Lawsuit.

39. Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiffs, and any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this Lawsuit.

RESPONSE:

40. All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.

RESPONSE:

41. Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

RESPONSE:

42. Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by commercial insureds. This request is limited to the last five (5) years.

RESPONSE:

43. Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiffs' claim(s).

RESPONSE:

44. All computer files, databases, electronically-stored information or computer-stored information regarding the claims handling procedures and protocols used in Texas related to property damage claims (specifically, hurricane, water, roof and/or catastrophe claims) that have been compiled, prepared, supervised and/or directed by Defendant, which would have been accessible or applicable to the claim(s) made the basis of this lawsuit. This request is limited to Texas and the time period starting January 1, 2016 to present. This request includes documents in Defendant's possession as well as in possession of any third-party adjusting company or adjuster used by Defendant to adjust such referenced claims from January 1, 2016 to present.

RESPONSE:

45. True and complete copies of all activity logs filed by the staff and independent adjusters on the file.

46.    Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

RESPONSE:

47.    Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited to dates, changes and requests made by the adjusters.  This request is limited to the last five (5) years.

RESPONSE:

48.    Any and all correspondence and lawsuits involving vendors, staff or management involved with property claims, property damage, hurricane damage, hail damage, roof damage, and/or wind damage claims from 2012 to present.

RESPONSE:

49.    Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of claims files, management of property damage, hail damage, roof damage and/or wind damage claims, including staff and vendors.

RESPONSE:

50.    Any and all answers made in previous discovery requests for lists or databases of property damage, hurricane damage, hail damage, roof damage and/or wind damage.

RESPONSE:

51.    Any and all answers and affidavits made by Defendant and its counsel in previous discovery requests for training procedures, and training manuals for property damage, hurricane damage, hail damage, roof damage, and/or wind damage claims.

RESPONSE:

52.    Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable for claims, property damage, hurricane damage, catastrophe, hail damage, roof damage, and/or wind damage claims for 2012 through the present. Include a list of the lawsuits where testimony was given.

RESPONSE:

53. Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage claims, Hurricane Harvey claims, wind damage claims, hail damage claims, and/or roof damage claims training. This request is limited to the last ten (10) years.

    RESPONSE:

54. Any and all reports, documents or correspondence containing lists of files with written complaints or Department of Insurance complaints on property damage, hurricane damage, wind damage, hail damage, and/or roof damage claims previously gathered and produced in other TDI complaints or lawsuits. This request is limited to the last five (5) years.

    RESPONSE:

55. Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiffs under the insurance policy in effect during the time of the insurance claim made the basis of this lawsuit, and which was issued by Defendant.

    RESPONSE:

56. Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiffs regarding the insurance claim made the basis of this lawsuit.

    RESPONSE:

57. Studies commissioned by Defendant, including any done by a law firm, to analyze their claim management strategies, and/or to help them improve corporate profits.

    RESPONSE:

58. Affidavits or depositions of the employee(s) who handled Plaintiffs' claim(s), or their supervisors, in other cases involving the same or similar allegations in this case.

    RESPONSE:

59. For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents and tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of a testifying expert's testimony.

    RESPONSE:

60. Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing a conviction of crime which you intend to use as evidence to impeach Plaintiffs or any witnesses.

<u>RESPONSE</u>:

61.     All correspondence, whether handwritten, typed, computer generated, or emails regarding pricing used by Defendant in the adjusting of wind, hail, or claims in Harris County, Texas. This request is limited to the past three (3) years.

<u>RESPONSE</u>:

62.     All correspondence, whether hand written, typed, computer generated, or emails regarding variations from Defendant's price list, including, but not limited to, when a variation is permissible, who is authorized to make such variations and what documentation, if any, must be included in a file with a pricing variation.

<u>RESPONSE</u>:

63.     All correspondence, whether hand written, typed, computer generated, emails, instructions, procedures and/or company policies regarding the unit roofing prices used by Defendant for wind, hail, or claims in Harris County, Texas., including, but not limited to, what items Defendant alleges to be included in these unit prices. This request is limited to the past three (3) years.

<u>RESPONSE</u>:

64.     All communications and documents, including electronic, regarding Defendant's process of selecting engineers in its adjusting process. This request is limited to the last five years.

<u>RESPONSE</u>:

65.     All communications and documents, including electronic, regarding coverage disputes between Defendant and engineers in the adjusting process.

<u>RESPONSE</u>:

66.     All communications and documents, including electronic, regarding the payment of overhead and profit. This request is limited to the last five years.

<u>RESPONSE</u>:

67.     All communications and documents, including electronic, regarding Defendant's process for storing and retrieving documents and emails.

<u>RESPONSE</u>:

68. All communications and documents, including electronic, regarding Defendant's use of depreciation in insurance claims, including, but not limited to, how depreciation is calculated on a particular item and what training, if any, adjusters employed by or working on behalf of Defendant receive on calculating depreciation and what evidence Defendant requires a policyholder to present in order to receive the holdback depreciation on his claim. This request is limited to the last five years.

   RESPONSE:

# EXHIBIT B

CAUSE NO. _____

| | | |
|---|---|---|
| **MAIN DENTAL CENTER, PC AND DK BUSTER, LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **SECURITY NATIONAL INSURANCE COMPANY AND BERNARDINE FREDERICK** | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS**
**TO DEFENDANT SECURITY NATIONAL INSURANCE COMPANY**

COME NOW Plaintiffs, in the above-styled and numbered cause, and request that Security National Insurance Company: (1) answer the following Request for Admissions within 50 days of service; (2) serve your answers to the Request for through Plaintiffs' attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

a.     You know the response made was incorrect or incomplete when made; or

b.     You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**


By: _/s/ Andrew C. Cook_
       Andrew C. Cook
       State Bar No. 24057481
       7324 Southwest Freeway, Suite 585
       Houston, Texas  77074
       Tel. (713) 401-2890
       Facsimile: (682) 200-2849
       Email: efile@texinsurancelaw.com

**AND:**
       Sean H. McCarthy
       State Bar No. 24065706
       WILLIAMS HART BOUNDAS EASTERBY, LLP
       8441 Gulf Freeway, Suite 600
       Houston, Texas  77017
       Tel. (713) 230-2200
       Fax (713) 643-6226
       smccarthy@whlaw.com

**<u>ATTORNEYS FOR PLAINTIFFS</u>**

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO**
**DEFENDANT SECURITY NATIONAL INSURANCE COMPANY**

1. Admit Plaintiffs submitted the claim for storm damage identified with Claim No. 10108800 within the deadlines prescribed by the Policy.

**RESPONSE:**

2. Admit Plaintiffs fully complied with all contractual obligations imposed by the Policy.

**RESPONSE:**

3. Admit that Defendant Security National should assist its policyholders with their insurance claims.

**RESPONSE:**

4. Admit that Defendant Security National must disclose to its insureds all benefits, coverages, and time limits that may apply to their claims.

**RESPONSE:**

5. Admit that Defendant Security National should treat its policyholders' interests as no less than equal to its own.

**RESPONSE:**

6. Admit that Defendant Security National issued an Insurance Policy (Policy No. SBP1331376 01) providing property insurance coverage for the Property located at 1027 Main St. Pasadena, Texas to Plaintiffs: Main Center Dental PC and DK Buster LLC.

**RESPONSE:**

7. Admit that Plaintiffs paid Defendant Security National for the Insurance Policy (Policy No.: SBP1331376 01).

**RESPONSE:**

8. Admit that Defendant Security National accepted Plaintiff(s)' money in exchange for its issuance of the Insurance Policy (Policy No.: SBP1331376 01).

**RESPONSE:**

9. Admit that The Insurance Policy (Policy No.: SBP1331376 01) provides coverage for damage caused by wind, during the Policy Period, to the covered Property.

**RESPONSE:**

10. Admit that The Insurance Policy (Policy No.: SBP1331376 01) provides coverage for damage caused by hail, during the Policy Period, to the covered Property.

**RESPONSE:**

11. Admit that Plaintiff(s) submitted a claim (Claim No.: 10108800) to Defendant Security National for damage to the covered Property caused by wind.

**RESPONSE:**

12. Admit that Defendant Security National, either itself or through a third-party, investigated Claim No. 10108800.

**RESPONSE:**

13. Admit that as part of its investigation of Claim No. 10108800, Defendant Security National, either itself or through a third-party, assigned a Date of Loss to the underlying event for which Plaintiff(s) sought coverage.

**RESPONSE:**

14. Admit that The Date of Loss assigned to Claim No. 10108800 occurred during the Policy Period of Insurance Policy (Policy No.: SBP1331376 01).

**RESPONSE:**

15. Admit that Under the terms of the Insurance Policy (Policy No.: SBP1331376 01), in order for Plaintiff(s) to be entitled to receive monetary Policy Benefits, there must be a covered loss that exceeds the amount of Plaintiff(s)' Deductible.

**RESPONSE:**

16. Admit that During its investigation of Claim No. 10108800, and prior to the date it first anticipated litigation, Defendant Security National determined that Plaintiff(s) were not entitled to monetary Policy Benefits for this claim.

**RESPONSE:**

17. Admit that During its investigation of Claim No. 10108800, and prior to the date it first anticipated litigation, Security National determined that Plaintiff(s) were entitled to monetary Policy Benefits for this claim.

**RESPONSE:**

18. Admit that Prior to the date it first anticipated litigation, Security National denied coverage for Claim No.: 10108800.

**RESPONSE:**

19. Admit that Prior to the date it first anticipated litigation, Security National accepted coverage for Claim No.: 10108800.

**RESPONSE:**

20. Admit that Prior to the date it first anticipated litigation, Defendant Security National communicated to Plaintiff(s) its determination that Plaintiff(s) were not entitled to monetary Policy Benefits for Claim No. 10108800.

**RESPONSE:**

21. Admit that Prior to the date it first anticipated litigation, Defendant Security National communicated to Plaintiff(s) its determination that Plaintiff(s) were entitled to monetary Policy Benefits for Claim No. 10108800.

**RESPONSE:**

22. Admit that Prior to the date it first anticipated litigation, Defendant Security National provided monetary Policy Benefits to Plaintiff(s) for Claim No. 10108800.

**RESPONSE:**

23. Admit that Prior to the date it first anticipated litigation, Defendant Security National did not provide monetary Policy Benefits to Plaintiff(s) for Claim No. 10108800.

**RESPONSE:**

# **EXHIBIT C-1**

# CAUSE NO. _____

| | | |
|---|---|---|
| **MAIN DENTAL CENTER, PC AND DK BUSTER, LLC** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **v.** | § § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **SECURITY NATIONAL INSURANCE COMPANY AND BERNARDINE FREDERICK** | § § § § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## MAIN DENTAL CENTER'S FIRST SET OF INTERROGATORIES TO SECURITY NATIONAL INSURANCE COMPANY

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that Security National Insurance Company: (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) serve your answers to these Interrogatories through Plaintiff's attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

    a.      You know the response made was incorrect or incomplete when made; or

    b.      You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**


By: _/s/ Andrew C. Cook_
        Andrew C. Cook
        State Bar No. 24057481
        7324 Southwest Freeway, Suite 585
        Houston, Texas  77074
        Tel. (713) 401-2890
        Facsimile: (682) 200-2849
        Email: efile@texinsurancelaw.com

**AND:**
        Sean H. McCarthy
        State Bar No. 24065706
        WILLIAMS HART BOUNDAS EASTERBY, LLP
        8441 Gulf Freeway, Suite 600
        Houston, Texas  77017
        Tel. (713) 230-2200
        Fax (713) 643-6226
        smccarthy@whlaw.com

**<u>ATTORNEYS FOR PLAINTIFFS</u>**

**PLAINTIFF MAIN DENTAL CENTER'S FIRST SET OF INTERROGATORIES
TO DEFENDANT SECURITY NATIONAL INSURANCE COMPANY**

1.      Identify all persons and entities involved, associated, or in any way related to the investigation or adjustment of Claim No. 10108800.

**ANSWER:**


2.      Identify all persons involved in any coverage decisions with respect to Claim No. 10108800.

**ANSWER:**


3.      Please identify all evidence that may be used to impeach, by proof of final conviction, any witness, including Plaintiff, by stating the following identifying information pursuant to Rule 609 of the Texas Rules of Evidence:

        a.   The name of the accused;

        b.   The charged offense;

        c.   Whether the crime was a felony or involved moral turpitude;

        d.   The date of final conviction; and

        e.   The style, case number, and county of the proceeding.

**ANSWER:**


4.      Pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, identify any documents that have been withheld from discovery by this Defendant, based on a claim of privilege either in response to a Request for Disclosure or a Request for Production.

**ANSWER:**


5.      Identify any and all rebuttal or impeaching witnesses who may be called to testify at trial.

**ANSWER:**


6.      Please list those expert witnesses (if any) identified by Plaintiff whom you contend are not qualified to render opinions under the standards set forth in *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*. Please state the basis of your contention that they are not qualified.

**ANSWER:**

7.    If you contend that any opinion rendered by any expert identified by Plaintiff is not "reliable" within the meaning of *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*, please state the basis of your contention.

**ANSWER:**

8.    If you or any individual adjuster or claims handler that was assigned by a named Defendant in this lawsuit to adjust or handle the claim made basis of this lawsuit have been convicted of a felony or other crime involving moral turpitude, identify the nature of the offense and the date and place of such conviction.

**ANSWER:**

9.    State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060.

**ANSWER:**

10.    State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055.

**ANSWER:**

11.    State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056.

**ANSWER:**

12.    State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058.

**ANSWER:**

13.     Identify by name, address, and telephone number any expert witness who is not expected to be called as a witness, but whose work product was reviewed by or forms the basis either in whole or in part of the opinions of an expert who is to be called as a witness.

**ANSWER:**


14.     For each consulting expert whose work product has been reviewed or relied upon by a testifying expert, please state:

   a.  The number of times that expert has been retained by a defendant in any case;
   b.  The number of times that expert has been retained by a plaintiff in any case;
   c.  The number of times that expert has been retained by the attorney representing Defendant in this suit;
   d.  The number of times that expert has been retained by the law firm representing Defendant in this suit; and
   e.  The amount of compensation received or to be received in this case.

**ANSWER:**


15.     Identify the location where Defendant keeps, stores, or maintains any Texas Department of Insurance bulletin, communication, or document that explains, addresses, or relates to the proper application of overhead and profit to homeowners' property damage claims.

**ANSWER:**


16.     Identify the location where Defendant keeps, stores, or maintains any Texas Department of Insurance bulletin, communication, or document that explains, addresses, or relates to the proper application of depreciation to homeowners' property damage claims.

**ANSWER:**

# EXHIBIT C-2

**CAUSE NO. _____**

| | | |
|---|---|---|
| **MAIN DENTAL CENTER, PC AND DK BUSTER, LLC** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **v.** | § § | **HARRIS COUNTY, TEXAS** |
| **SECURITY NATIONAL INSURANCE COMPANY AND BERNARDINE FREDERICK** | § § § § § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## MAIN DENTAL CENTER'S FIRST SET
## OF INTERROGATORIES TO DEFENDANT BERNARDINE FREDERICK

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that Bernardine Frederick: (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) serve your answers to these Interrogatories through Plaintiff's attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

a. You know the response made was incorrect or incomplete when made; or

b. You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**


By: */s/ Andrew C. Cook*
      Andrew C. Cook
      State Bar No. 24057481
      7324 Southwest Freeway, Suite 585
      Houston, Texas  77074
      Tel. (713) 401-2890
      Facsimile: (682) 200-2849
      Email: efile@texinsurancelaw.com

**AND:**
      Sean H. McCarthy
      State Bar No. 24065706
      WILLIAMS HART BOUNDAS EASTERBY, LLP
      8441 Gulf Freeway, Suite 600
      Houston, Texas  77017
      Tel. (713) 230-2200
      Fax (713) 643-6226
      smccarthy@whlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**PLAINTIFF MAIN DENTAL CENTER'S FIRST SET OF**
**INTERROGATORIES TO DEFENDANT BERNARDINE FREDERICK**

1.      Identify all persons and entities involved, associated, or in any way related to the investigation or adjustment of Claim No. 10108800.

**ANSWER:**


2.      Identify all persons involved in any coverage decisions with respect to Claim No. 10108800.

**ANSWER:**


3.      Please identify all evidence that may be used to impeach, by proof of final conviction, any witness, including Plaintiff, by stating the following identifying information pursuant to Rule 609 of the Texas Rules of Evidence:

        a.   The name of the accused;

        b.   The charged offense;

        c.   Whether the crime was a felony or involved moral turpitude;

        d.   The date of final conviction; and

        e.   The style, case number, and county of the proceeding.

**ANSWER:**


4.      Pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, identify any documents that have been withheld from discovery by this Defendant, based on a claim of privilege either in response to a Request for Disclosure or a Request for Production.

**ANSWER:**


5.      Identify any and all rebuttal or impeaching witnesses who may be called to testify at trial.

**ANSWER:**


6.      Please list those expert witnesses (if any) identified by Plaintiff whom you contend are not qualified to render opinions under the standards set forth in *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*.  Please state the basis of your contention that they are not qualified.

**ANSWER:**

7.     If you contend that any opinion rendered by any expert identified by Plaintiff is not "reliable" within the meaning of *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*, please state the basis of your contention.

**ANSWER:**

8.     If you or any individual adjuster or claims handler that was assigned by a named Defendant in this lawsuit to adjust or handle the claim made basis of this lawsuit have been convicted of a felony or other crime involving moral turpitude, identify the nature of the offense and the date and place of such conviction.

**ANSWER:**

**9.**     State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060.

**ANSWER:**

10.     Identify by name, address, and telephone number any expert witness who is not expected to be called as a witness, but whose work product forms the basis either in whole or in part of the opinions of an expert who is to be called as a witness.

**ANSWER:**

11.     For each consulting expert whose work product has been reviewed or relied upon by a testifying expert, please state:

     a.   The number of times that expert has been retained by a defendant in any case;
     b.   The number of times that expert has been retained by a plaintiff in any case;
     c.   The number of times that expert has been retained by the attorney representing Defendant in this suit;
     d.   The number of times that expert has been retained by the law firm representing Defendant in this suit; and
     e.   The amount of compensation received or to be received in this case.

**ANSWER:**

# CIVIL CASE INFORMATION SHEET

11/8/2019 11:16:37 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 38344854
By: THOMAS, LISA E
Filed: 11/8/2019 11:16:37 AM

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* _____ **COURT** *(FOR CLERK USE ONLY):* _____

**STYLED** Main Dental Center, PC and DK Buster, LLC v. Security National Insurance Company and Bernardine Frederick
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | |
|---|---|---|
| **Name:** Andrew C. Cook | **Email:** acc@texinsurancelaw.com | |
| **Address:** 7324 Southwest Fwy, #585 | **Telephone:** 713-401-2890 | |
| **City/State/Zip:** Houston, Texas 77074 | **Fax:** 682-200-2849 | |
| **Signature:** | **State Bar No:** 24057481 | |

### Names of parties in case:

**Plaintiff(s)/Petitioner(s):**
Main Dental Center, PC and
DK Buster, LLC

**Defendant(s)/Respondent(s):**
Security National Insurance
Company and Bernardine Frederick

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:
- ☒ Attorney for Plaintiff/Petitioner
- ☐ *Pro Se* Plaintiff/Petitioner
- ☐ Title IV-D Agency
- ☐ Other: _____

**Additional Parties in Child Support Case:**

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

#### Contract

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☒ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

#### Injury or Damage
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:

- ☐ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:

- ☐ Other Injury or Damage:

#### Real Property
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

#### Related to Criminal Matters
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

#### Employment
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

#### Other Civil
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

### Family Law

#### Marriage Relationship
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

#### Post-judgment Actions (non-Title IV-D)
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

#### Title IV-D
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

#### Other Family Law
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

#### Parent-Child Relationship
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

### Tax
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other: _____

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100, 000 but not more than $200,000
- ☒ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

Rev 2/13

# CIVIL PROCESS REQUEST FORM

11/8/2019 11:16:37 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 38344854
By: THOMAS, LISA E
Filed: 11/8/2019 11:16:37 AM

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____ CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Plaintiffs Original Petition

FILE DATE OF MOTION: November 08,2019
                       Month/        Day/        Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: Security National Insurance Company

   ADDRESS: 211 East 7th Street, Suite 620, Austin, Texas 78701

   AGENT, (if applicable): Corporation Service Company

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation

SERVICE BY (check one):
- ☐ ATTORNEY PICK-UP          ☐ CONSTABLE
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
- ☐ MAIL                       ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
     Type of Publication:    ☐ COURTHOUSE DOOR, or
                             ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☑ OTHER, explain   We will perfect service by private process. Pleas e-mail/mail the Plaintiff's Original Petition and Citation to our office.

## ATTENTION: Effective June1, 2010

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thanks you,**

*************************************************************************************

2. NAME: Bernardine Frederick

   ADDRESS: 3 Huntington Quadrangle, STE 201S, Melville, NY 11747

   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation

SERVICE BY (check one):
- ☐ ATTORNEY PICK-UP          ☐ CONSTABLE
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
- ☐ MAIL                       ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
     Type of Publication:    ☐ COURTHOUSE DOOR, or
                             ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☑ OTHER, explain   We will perfect service by private process. Pleas e-mail/mail the Plaintiff's Original Petition and Citation to our office.

## ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: Andrew C. Cook                    TEXAS BAR NO./ID NO. 24057481

MAILING ADDRESS: 7324 Southwest Fwy, Suite 585 Houston, Texas 77074

PHONE NUMBER: 713   401-2890           FAX NUMBER: 682-   200-2849
              area code  phone number              area code  fax number

EMAIL ADDRESS: Efile@texinsurancelaw.com cc: Semadia@texinsurancelaw.com

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                    Rev. 5/7/10

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION


COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER


INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER


BILL OF DISCOVERY:

ORDER TO: _____
                          (specify)

MOTION TO: _____
                          (specify)


PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)


CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)


POSSESSION (PERSON)
POSSESSION (PROPERTY)


SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

# TAB C2

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | **District Court**<br>**295th Judicial District**<br>**Harris County, Texas** | |
|---|---|---|
| Plaintiff<br>**MAIN DENTAL CENTER, PC AND DK BUSTER, LLC** | | Cause #<br>**201981360** |
| Defendant(s)<br>**SECURITY NATIONAL INSURANCE COMPANY; BERNARDINE FREDERICK** | | Came to Hand Date/Time<br>**11/12/2019     9:18 AM** |
| Manner of Service<br>**Personal** | | Service Date/Time<br>**11/12/2019     1:14 PM** |
| Documents<br>**CITATION; PETITION** | | Service Fee:<br>**$79.50** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **11/12/2019** at **1:14 PM**: I served **CITATION and PETITION** upon **SECURITY NATIONAL INSURANCE COMPANY c/o CORPORATION SERVICE COMPANY, RA** by delivering **1** true and correct copy(ies) thereof, with **SECURITY NATIONAL INSURANCE COMPANY c/o CORPORATION SERVICE COMPANY, RA, Samantha Guerra ,Who accepted service, with identity confirmed by subject stating their name, a brown-haired Hispanic female approx. 35-45 years of age and 5'6"-5'8" tall at 211 EAST 7TH STREET SUITE 620, AUSTIN, TX 78701**.

My name is: **Paul B Logan**. My date of birth is: **3/10/1965**
My address is: **PO BOX 27585, Austin, TX 78755**, USA.
My process server identification # is: **PSC-9196**. My Certification expires: **9/30/2021**.
I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in ___Travis___ county, TX.

_____                           _____
        Paul B Logan                                        11/12/2019
                                            Date Executed






# TAB C3

## CAUSE NO. 201981360

| | | |
|---|---|---|
| **MAIN DENTAL CENTER, PC AND DK BUSTER, LLC,** | § § § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § § | |
| **v.** | § § | **295th JUDICIAL DISTRICT** |
| **SECURITY NATIONAL INSURANCE COMPANY AND BERNARDINE FREDERICK,** | § § § § § | |
| **Defendants.** | § | **HARRIS COUNTY, TEXAS** |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE COURT:

Defendants Security National Insurance Company and Bernardine Frederick file this Original Answer as follows:

### I. GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendants generally deny each and every one of the allegations contained within Plaintiffs' Original Petition and demand strict proof thereon by a preponderance of the credible evidence, in accordance with the Constitution and the laws of the State of Texas.

### II. PRAYER

WHEREFORE, Defendants pray that Plaintiffs take nothing by this suit and that Defendants goes hence with their costs, without delay.

Respectfully submitted,

*/s/ Leo John Jordan*
Leo John Jordan
State Bar No. 11014700
leojordan@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:     214-665-0199
**ATTORNEYS FOR DEFENDANTS**
**SECURITY NATIONAL INSURANCE**
**COMPANY and BERNARDINE FREDERICK**

## CERTIFICATE OF SERVICE

This is to certify that on the 22nd day of November, 2019, I electronically filed a true and correct copy the foregoing with the Clerk of Court using the CM/ECF system, which will send notification and serve such filing to all attorneys of record in this case.

*/s/ Leo John Jordan*
Leo John Jordan